UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MELISSA WILKES and BENJAMIN WILKES, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CARESOURCE MANAGEMENT GROUP CO., and CARESOURCE INDIANA, INC.,<br><br>    Defendants. | CASE NO. 4:16-cv-38<br><br>CLASS ACTION<br><br><br>JURY DEMANDED |

**CLASS ACTION COMPLAINT**

1. Plaintiffs and proposed Class Representatives Melissa Wilkes and Benjamin Wilkes, by counsel, on behalf of themselves and all others similarly-situated, bring this proposed class action against Defendants CareSource Management Group Co. and CareSource Indiana, Inc. (collectively "CareSource"), to recover damages and to obtain injunctive relief for the claims identified in full below.

2. As set forth in more detail below, CareSource used automatic telephone dialing systems to initiate calls to wireless cellular telephone lines of Plaintiffs and Class members using an artificial and/or prerecorded voice to deliver a message without prior express consent of the called party in violation of the Telephone Consumer Protection Act, codified at 47 U.S.C. § 227 (the "TCPA").

3. Plaintiffs bring this case as a proposed class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class, defined more fully below, who received calls to their wireless cellular telephone lines in violation of the TCPA, seeking monetary and injunctive relief.

## PARTIES

4. Plaintiffs Melissa Wilkes is a citizen and resident of the State of Indiana, residing in Lafayette, Indiana.

5. Plaintiffs Benjamin Wilkes is a citizen and resident of the State of Indiana, residing in Lafayette, Indiana.

6. Defendant CareSource Management Group Co. is a not-for-profit corporation incorporated in the state of Ohio.

7. Defendant CareSource Indiana, Inc. is a not-for-profit corporation, incorporated in the state of Indiana. CareSource Indiana, Inc. is a wholly owned subsidiary of CareSource Management Group Co.

## JURISDICTION & VENUE

8. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy in this civil action exceeds the sum or value of $5 million, exclusive of interests and costs, and this is a class action in which class members are citizens of different states.

9. This Court also has federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case seeks redress for violation of federal law.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) & (c) because Defendants reside in this district and a substantial part of the events or omissions giving rise to the claims herein occurred within this district, including CareSource's violations of the TCPA.

11. Defendants reside in this district for purposes of 28 U.S.C. § 1391 because they are subject to general personal jurisdiction in this district. Defendants have continuous and systematic contacts with Indiana, including this district, through selling and marketing their services in Indiana, to Indiana residents, including residents of this district. Defendants are also subject to specific personal jurisdiction in this district because their contacts with this district gave rise to the instant action.

12. Venue is also proper in this court because Plaintiffs are citizens of Indiana who reside in this district.

## FACTUAL ALLEGATIONS

13. Plaintiffs received health insurance coverage from CareSource Indiana, Inc., in 2013, 2014, and a portion of 2015.

14. In or about November 2015, Plaintiffs terminated their health insurance coverage with CareSource Indiana, Inc., and otherwise ended their relationship with CareSource Indiana, Inc.

15. On or about April 27, 2016, CareSource placed a call from a number listed as (844) 585–5459 to a cellular telephone paid for jointly by Melissa Wilkes and Benjamin Wilkes, which was primarily used by Melissa Wilkes. The call used

an artificial and/or prerecorded voice and was directed to Melissa Wilkes. The call stated: "Hello, this is CareSource calling for Melissa. We have some important information to share, so please call us back toll free at 1–844–585–5459; again the number 1–844–585–5459."

16.     Upon receiving the call, Melissa Wilkes called 1–844–585–5459. She was routed to an automated message, the purpose of which was to offer her health insurance coverage for the 2016 calendar year, even though she had already cancelled her coverage prior to the call and had not requested coverage from CareSource for 2016.

17.     The aforementioned call was not the first call from (844) 585–5459 to the cellular telephone line paid for by Melissa Wilkes and Benjamin Wilkes. On approximately ten prior occasions, calls were made from (844) 585–5459 to that cellular telephone. The calls were sometimes addressed to Melissa Wilkes (as with the April 27, 2016 call) and other times addressed to Benjamin Wilkes. Not every prior call was answered. In each instance that a call was answered, the call was placed by an autodialing system and utilized an artificial and/or prerecorded voice. In each instance, the recording was substantially identical to the one received on or about April 27, 2016, described above.

18.     Under the TCPA, the term telemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person.

19. The calls from CareSource fit squarely within this definition, as the purpose of the calls from CareSource was to encourage the purchase of goods or services.

20. Neither Melissa Wilkes nor Benjamin Wilkes requested health insurance coverage or information about health insurance coverage from CareSource for the 2016 calendar year. CareSource's attempt to bind such coverage amounted to a completely unsolicited offer for goods and/or services.

21. Neither Melissa Wilkes nor Benjamin Wilkes have provided prior written or oral consent for CareSource to place calls to the aforementioned cellular telephone line using an artificial and/or prerecorded voice.

22. Any consent received by CareSource or its agents did not conform to requirements of the TCPA or the *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 27 FCC Rcd 1830 (2012) and *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135, Declaratory Ruling and Order, FCC 15-72, 30 F.C.C.R. 7961, 7996 (July 10, 2015), or otherwise satisfy any prior express requirements applicable under the TCPA.

## CLASS ACTION ALLEGATIONS

23. Plaintiffs bring this case pursuant to Rules 23(b)(3) of the Federal Rules of Civil Procedure on their own behalf and on behalf of the proposed Class, defined as:

> All persons within the United States who, within four years prior to the filing of this action received any telephone call from Defendants or their agents to either: (1) a cellular telephone subscribed to by said person, or (2) a cellular telephone for which said person is the number's customary user, where the call from Defendants was made through the use an artificial or prerecorded voice, which call was not made for emergency purposes.

24. Defendants and their employees and agents are excluded from the Class.

25. The Class is comprised of hundreds or likely thousands of individuals. Although the exact number of class members is presently unknown, the number and identity of Class members can be readily determined through CareSource's records.

26. The disposition of the numerous claims of these class members in a single class action will provide substantial benefits to all parties and to the Court.

27. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief is appropriate respecting the Class as a whole.

28. There is a well-defined community of interest in the questions of law and fact involved affecting the class members. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include without limitation the following:

   A. Whether CareSource used an artificial or prerecorded voice in placing calls.

6

B.     Whether CareSource received consent from Plaintiffs and Class members prior to placing calls to the cellular telephones of Plaintiffs and Class members.

C.     Whether any purported consent received by CareSource complied with the requirements set forth by the Federal Communications Commission and/or the TCPA.

D.     Whether CareSource acted willfully and/or knowingly in violation of the TCPA.

29.    Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and Class members have similarly received calls from CareSource to cellular telephones owned by Plaintiffs and Class members, and Plaintiffs and Class members suffered the same harm arising from CareSource's legal violations as identified in causes of action enumerated and set forth below.

30.    Plaintiffs' and Class members' claims flow, in each instance, from a common nucleus of operative facts: CareSource's legal violations as identified in causes of action enumerated and set forth below.

31.    Plaintiffs are adequate representatives of the Class because their interests do not conflict with and are not antagonistic to the interests of the Class members they seeks to represent. Plaintiffs will fairly and adequately represent and protect the interests of the Class.

32.    Plaintiffs have retained competent and experienced counsel.

33. Plaintiffs and Class members have all suffered and will continue to suffer substantial harm and damages due to CareSource's conduct. A class action is superior to other methods for the fair and efficient adjudication of the subject controversy. Absent a class action, most Class members likely will find the cost of litigating their individual claims to be prohibitive, and will have no effective remedy at all. Absent a class action, class members will continue to sustain damages, and CareSource's misconduct will proceed without remedy.

34. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication. Additionally, CareSource has acted, and failed to act, on grounds generally applicable to Plaintiffs and the Class, requiring court imposition of uniform relief to insure compatible standards of conduct toward Plaintiffs and the Class.

## CAUSES OF ACTION

35. All facts alleged above as well as all facts alleged in each individual count are incorporated by reference as though set forth in each individual count. Unless otherwise specified, no fact is to be read as though applying solely to an isolated section of this Complaint.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227

36.     The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

37.     As a result of the negligent violations of 47 U.S.C. § 227 by Defendants and their agents, Plaintiffs and Class members are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

38.     Plaintiffs and Class members are also entitled to and seek injunctive relief prohibiting Defendants', and their agents', violation of the TCPA in the future.

39.     Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

40.     The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

41.     As a result of Defendants', and their agents', knowing and/or willful violations of 47 U.S.C. § 227, Plaintiffs and each member of the Class are entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

42. Plaintiffs and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants and their agents in the future.

43. Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully request an order certifying this matter as a class action with Plaintiffs as class representatives and their counsel as class counsel; and entry of a judgment in favor of Plaintiffs, including an award of all available common-law and statutory damages, pre- and post-judgment interest, injunctive relief, punitive damages, attorneys' fees, costs, and all other just and proper relief.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a jury trial on all of their claims.

/s/ *Eric S. Pavlack*
Eric S. Pavlack
PAVLACK LAW, LLC
255 N. Alabama St., Ste. 301
Indianapolis, IN 46204
(317) 251-1100
*Eric@PavlackLawFirm.com*

James R. Schrier
REILING TEDER & SCHRIER, LLC
Renaissance Place, Sixth Floor
250 Main Street, Suite 601
P.O. Box 280
Lafayette, IN  47902-0280
(765) 423-5333
*jrs@rtslawfirm.com*

Jason R. Reese
Stephen M. Wagner
WAGNER REESE LLP
11939 North Meridian Street
Carmel, IN 46032
(317) 569-0000
*JReese@wagnerreese.com*
*SWagner@wagnerreese.com*

**COUNSEL FOR PLAINTIFFS &
PROPOSED PLAINTIFF CLASS**

11