**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| MELISSA WILKES and BENJAMIN WILKES, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>CARESOURCE MANAGEMENT GROUP CO., and CARESOURCE INDIANA, INC.,<br><br>        Defendants. | CASE NO. 4:16-cv-38-JVP-PRC<br><br><br>District Judge:<br>Hon. Joseph S. Van Bokkelen<br><br>Magistrate Judge:<br>Hon. Paul R. Cherry |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**BASED ON CONSENT TO RECEIVE CALLS**

Defendants CareSource Indiana and CareSource Management Group, pursuant to Fed. R. Civ. P. 56 and Local Rule 56-1, respectfully move for summary judgment on Plaintiffs' claims. Summary judgment is required in this Telephone Consumer Protection Act case because Plaintiffs – during enrollment for health insurance through the HealthCare.Gov Marketplace, and thereafter by specifically calling and providing their cell phone numbers to CareSource as their contact numbers – consented to be called by CareSource at those numbers. CareSource, a tax-exempt nonprofit entity, did **not** violate the Act by placing a few automated welcome calls to those numbers. Consent was not revoked until CareSource offered and Plaintiff accepted CareSource's offer to be placed on its do-not-call list. From that date forward, **no** further calls were made.

As set forth in the accompanying brief and supporting Appendix of evidence, the material facts are undisputed, and summary judgment is required. Under the Act, providing a contact number to a non-profit serves as express consent to be called at that number. 42 U.S.C. § 227(b)(1)(a) (no violation if prior express consent provided); 47 C.F.R. § 64.1200(a)(1) (same); 47 C.F.R. § 64.1200(a)(2) (written consent not required "when call is made by or on behalf of a tax-

1

exempt nonprofit organization"); *In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752, 8769, 1992 FCC Lexis 7019 (Oct. 16, 1992) ("persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number they have given, absent instructions to the contrary"); *In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72, 30 FCC Rcd. 7961, 7969, (July 10, 2015) (calls placed on behalf of tax-exempt nonprofit organization "may be made without prior express written consent of the called party"); *Williams v. Capital One Bank (USA), N.A.,* 682 Fed Appx. 467, 468 (7th Cir. 2017) ("FCC has also ruled that giving a creditor a cell phone number 'as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at the number regarding the debt'"); *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1046 (9th Cir. 2017) (affirming defense summary judgment in TCPA case; providing cell number on gym membership application also consented to receive text message invitations to reactivate membership); *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552 (6th Cir. 2015) ("a person gives his 'prior express consent' under the [TCPA] if he gives a company his number before it calls him"); *Martin v. Comcast Corp.*, 2013 WL 6229934, at *3 (N.D. Ill. Nov. 26, 2013) ("[W]e agree with the legal premise behind Comcast's argument. If plaintiff did provide his cell number, he will be deemed to have consented to these calls").

Consent once given does not expire until revoked. *Michel v. Credit Protection Association L.P.*, No. 14-CV-8452, 2017 WL 3620809, at *5 (N.D. Ill. Aug. 23, 2017) ("Once consent is given, it is effective until it is revoked.  However, consumers may revoke consent at any time and through any reasonable means, as long as the revocation *clearly expresses* a desire not to receive further messages.")(emphasis added; citations and quotations omitted); *Dolemba v. Kelly Services, Inc.*, 2017 WL 429572, at *3 (N.D. Ill. Jan. 31, 2017) (granting defendant's motion to dismiss TCPA claim; "If an individual does not revoke his or her consent, however, it does not expire at some point in time on

its own."); *Payton v. Kale Realty, LLC*, 164 F.Supp.3d 1050, 1065 (N.D. Ill. 2016) (defense summary judgment on TCPA claim; "consent under the TCPA does not have an expiration date and is considered effective until revoked.").

Here, the Wilkes did not revoke their consent until April 27, 2016 when offered by a CareSource representative to be placed on the do-not-call list. Mrs. Wilkes accepted the offer, and from that point forward no further calls were made. The Wilkes – both holders of doctorate degrees and experienced in TCPA litigation – knew how to revoke consent if they desired. They chose not to. Instead, Mrs. Wilkes – apparently interested in fashioning another TCPA claim – called and secretly recorded a CareSource representative with the intent of gaining information for a lawsuit. Consent, however, had been provided for calls by provision of the cell phone numbers, and consent was not revoked until April 27, 2016. The few calls at issue – all call placed prior to the Wilkes being placed on the do-not-call list – did not violate the TCPA.

The material facts are undisputed, and summary judgment is required for defendants.

Respectfully submitted,

/s/ *John R. Maley*

John R. Maley
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204-3535
(317) 236-1313, (317) 231-7433 *fax*
jmaley@BTLaw.com

### Certificate of Service

I certify that a copy of this Motion was served by email upon counsel for Plaintiffs, Eric Pavlack, via ECF filing and service at eric@pavlacklawfirm.com this 10th day of October, 2017.

/s/ *John R. Maley*

3