# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

MELISSA WILKES and BENJAMIN )
WILKES, on behalf of themselves and )
all others similarly situated, )
      Plaintiffs, )
       )
    v. )    CAUSE NO.: 4:16-CV-38-JVB-PRC
       )
CARESOURCE INDIANA, INC., *et al.*, )
      Defendants. )

## **OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to File Third Amended Complaint [DE 41], filed by Plaintiffs Melissa Wilkes and Benjamin Wilkes on September 1, 2017. Defendants CareSource Management Group Co. and CareSource Indiana, Inc. filed a response on September 15, 2017. Plaintiffs filed a reply on September 18, 2017.

This litigation is brought pursuant to the Telephone Consumer Protection Act. Plaintiffs allege that Defendants placed automated calls to Plaintiffs without consent. Plaintiffs, through the proposed Third Amended Complaint seek to add Eliza Corporation as a defendant. Defendants object on the grounds that Plaintiffs have not shown good cause for filing the instant motion after the deadline to amend pleadings, this litigation can easily be resolved through a motion for summary judgment, and Defendants will be prejudiced because, as of the date of the filing of the response, Defendants were preparing their Motion for Summary Judgment—which Defendants filed on October 10, 2017.

Federal Rule of Civil Procedure 15(a) provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has

explained that "freely give" means that a court should not deny leave to file an amended complaint in the absence of any apparent or declared reasons, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

The Court set the deadline to file motions for leave to amend the pleadings in this case for April 10, 2017, and the instant motion was filed on September 1, 2017. Federal Rules of Civil Procedure 6(b) and 16 govern the permission of filing the instant motion after the deadline for the amendment of pleadings. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719-720 (7th Cir. 2011) (discussing the interplay between Federal Rules of Civil Procedure 15(a) and 16(b)). Rule 6(b)(1) provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court finds that Plaintiffs have shown both good cause under Rule 16(b) and excusable neglect under Rule 6(b) for seeking leave to amend the complaint after the expiration of the court-imposed deadline.

2

Plaintiffs did not cite the standards of Rules 6(b) and 16(b) in their motion. However, they explain that they became aware on May 18, 2017, that Eliza Corporation made the alleged calls at issue in this litigation. Plaintiffs further clarify that, because Eliza Corporation acted as Defendants' agent, Plaintiffs were not originally interested in adding Eliza Corporation as a defendant because Plaintiffs believe Defendants to be vicariously liable for Eliza Corporation's actions. It was not until Plaintiffs learned, "a few weeks" prior to the filing of the instant motion, that Defendants were seeking to limit the putative class members to Indiana residents only that Plaintiffs had a need to add Eliza Corporation.

Defendants respond that an employee of Eliza Corporation was disclosed in February 2017 and that Eliza Corporation's role was disclosed in May 2017. Defendants further note that Plaintiffs sought and received permission to file their Second Amended Complaint in August 2017, and Defendants reason that Plaintiffs could have sought to add Eliza Corporation in that pleading. Despite Defendants' arguments, Plaintiffs have shown excusable neglect for missing the deadline and good cause for an extension of the deadline because Plaintiffs were not aware of their need to add Eliza Corporation until the dispute regarding the geographical scope of the putative class arose.

Defendants' other two arguments are connected and based on the premise that granting the instant motion will affect the now-pending Motion for Summary Judgment. However, Plaintiffs' request to amend their complaint predates Defendants' Motion for Summary Judgment. Defendants provide no support for their assertion that the prejudice suffered by the proposed amended pleading's effect on a later-filed motion is sufficiently prejudicial to warrant denying a motion to amend.

Defendants maintain that this case can be resolved through their Motion for Summary Judgment. The proposed Third Amended Complaint does not substantively affect Defendants' argument that Plaintiffs provided consent for the telephone calls, which is the sole ground upon which Defendants move for summary judgment. Thus the Motion for Summary Judgment "may very well be amenable to" decision on the merits, perhaps with supplemental briefing, after the Third Amended Complaint is filed. *Lauer v. Patriot Paint Co.*, No. 1:06-CV-244, 2007 WL 2068595, at *3 (N.D. Ind. July 17, 2007); *see also JMB Mfg., Inc. v. Child Craft, LLC*, No. 4:11-cv-65-TWP-WGH, 2013 WL 623517, at *2 (S.D. Ind. Feb. 19, 2013) (denying a request to strike a motion for summary judgment after a motion to amend the pleadings was granted); *Sasse v. Illinios Cent. R.R. Co.*, No. 3:06-cv-121-DRH, 2006 WL 1722369, at *1 (S.D. Ill. June 22, 2006) (finding, in granting a motion to amend the pleadings, that a pending motion for summary judgment was not rendered moot).

Based on the foregoing, the Court hereby **GRANTS** Plaintiffs' Motion for Leave to File Third Amended Complaint [DE 41]. The Court **ORDERS** Plaintiffs Melissa Wilkes and Benjamin Wilkes to **FILE** the Third Amended Complaint and proposed summons immediately upon receipt of this Opinion and Order.

SO ORDERED this 1st day of February, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT