UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

MELISSA WILKES and BENJAMIN )
WILKES, on behalf of themselves and )
all others similarly situated, )
      Plaintiffs, )
    )
     v. )   CAUSE NO.: 4:16-CV-38-JVB-PRC
    )
CARESOURCE INDIANA, INC., et al., )
      Defendants. )

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Stay Proceedings on Defendants' Motion for Summary Judgment Pending Determination of Class Certification [DE 57], filed by Plaintiffs Melissa Wilkes and Benjamin Wilkes on October 26, 2017. On November 10, 2017, Defendants CareSource Management Group Co. and CareSource Indiana, Inc. filed a response. Plaintiffs filed a reply on November 14, 2017.

## PROCEDURAL BACKGROUND

Plaintiffs initiated this cause of action on May 11, 2016, by filing a Class Action Complaint alleging violations of the Telephone Consumer Protection Act. Plaintiffs amended their complaint on July 1, 2016, and again on August 28, 2017. In an Opinion and Order issued contemporaneously with the instant Opinion and Order, the Court granted Plaintiffs leave to file their Third Amended Complaint. Defendants filed motions to eliminate the class allegations and to dismiss the claims for lack of standing. Both of those motions were denied on December 9, 2016.

Several motions were filed in the second half of 2017, including (1) a Motion to Amend the Complaint, filed by Plaintiffs on September 1, 2017, (2) a Motion to Compel Discovery Responses, filed by Plaintiffs on October 6, 2017, (3) a Motion for Summary Judgment, filed by Defendants on

October 10, 2017, and (4) the instant Motion to Stay. To date, Plaintiffs have not filed a motion for class certification.

On December 18, 2017, Presiding Judge Joseph S. Van Bokkelen held a hearing on the Motion for Summary Judgment and set briefing deadlines for that motion.

**ANALYSIS**

Plaintiffs ask the Court to stay proceedings on Defendants' Motion for Summary Judgment until after the Court determines the issue of class certification in this case. Regarding the issue of briefing the Motion for Summary Judgment, that request was *de facto* denied at the December 18, 2017 hearing when Judge Van Bokkelen set briefing deadlines.

Plaintiffs also request a stay of "proceedings" on the Motion for Summary Judgment, which the Court infers to be a request that no order be issued on the Motion for Summary Judgment until after a decision is made regarding class certification. Plaintiffs assert that they have not moved for class certification yet because of Defendants' withholding of information sought in discovery relevant to class certification. That purported withholding of discovery is the subject of Plaintiffs' Motion to Compel.

Federal Rule of Civil Procedure 23(c)(1)(A) provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Though the phrase "at an early practicable time" fails to provide any substantive direction, the advisory committee notes provide guidance on the issue of timing and class certification. The 2003 Amendments explain that the language in subdivision (c)(1)(A) was changed from "as soon as practicable" to "at an early practicable time," because the previous phrase "neither reflect[ed] prevailing practice nor capture[d]

2

the many valid reasons that may justify deferring the initial certification decision." Fed. R. Civ. P. 23(c)(1)(A) advisory committee's note to 2003 amendment. The advisory committee notes offer examples of "valid reasons" for deferring class certification decision, such as time to gather information necessary to the certification decision. *Id.* The advisory committee notes continue: "Other considerations may affect the timing of the certification decision. The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified." *Id.*

Plaintiffs argue that the "one-way intervention problem" indicates that the matter of class certification should be decided before a ruling on the merits of Plaintiffs' case. Defendants disagree.

"The rule against one-way intervention prevents plaintiffs from moving for class certification after acquiring a favorable ruling on the merits of a claim." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057-58 (7th Cir. 2016) (citing *Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008); *Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 354 (7th Cir. 1975)). Plaintiffs argue that it is unfair to allow Defendants to seek summary judgment against Plaintiffs when Plaintiffs are precluded from seeking summary judgment against Defendants, lest Plaintiffs forfeit their ability to certify their proposed class. However, the *Costello* court, in a footnote to the statement quoted above, clarified that "[t]his is not to say that *defendants* are precluded from seeking a dispositive ruling on the merits prior to class certification, and we have looked upon such a procedure favorably." *Id.* at 1057-58 n.3 (citing *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941 (7th Cir. 1995); Fed. R. Civ. P. 23(c)(1)(A) advisory committee's note to 2003 amendment). Thus, the Seventh Circuit Court of Appeals has determined that it is not unduly unfair to allow defendants of a purported class action claim to request summary judgment when plaintiffs are precluded from doing so without potentially waiving

3

the ability to move for class certification.

Plaintiffs also assert that the general rule in this circuit is to make class certification determinations before making summary judgment rulings. Though "[n]ormally the issue of certification should be resolved first," the reason for this sequence is to enable efficient resolution of the case "because if a class is certified this sets the stage for a settlement and if certification is denied the suit is likely to be abandoned . . . ." *Thomas v. UBS AG*, 706 F.3d 846, 849 (7th Cir. 2013) (citing *Thomas v. City of Peoria*, 580 F.3d 633, 635 (7th Cir.2009); *Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 454–56 (7th Cir.2007)). Rulings on certification can take time, however, and where an efficient resolution of the case can be made by proceeding directly to the merits, a ruling on the merits before determining certification is a proper, sensible approach. *See id.* at 849-50.

Plaintiffs contend that the Court should heed the warning given in *Larson v. JPMorgan Chase & Co.* to determine certification before summary judgment. 530 F.3d 578 (7th Cir 2008). However, as stated above, the Seventh Circuit Court of Appeals has approved of making determinations on the merits before certifying a class when it can be done efficiently.

Here, Defendants have moved for summary judgment, arguing that the named Plaintiffs consented to receive the phone calls at issue. This narrow issue, which appears to draw on facts particular to the named Plaintiffs, can be efficiently handled at this stage of the litigation. If Defendants are successful in their bid for summary judgment, then Plaintiffs will likely be disqualified as proper class representatives, which in turn would "moot the question whether to certify the suit as a class action unless the lawyers for the class manage to find another representative." *Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008)." In this scenario, the parties' and the Court's resources need not be spent litigating and determining whether class

4

certification is appropriate. Therefore, the Court finds that, in this case, it is in the interests of judicial economy and efficiency for the Court to not stay proceedings on the Motion for Summary Judgment.

## CONCLUSION

Accordingly, based on the foregoing, the Court now **DENIES** Plaintiffs' Motion to Stay Proceedings on Defendants' Motion for Summary Judgment Pending Determination of Class Certification [DE 57].

SO ORDERED this 1st day of February, 2018.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT